CJ-2021-301
Andrews

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

*1048691387*

| | |
|---|---|
| CRYSTAL HENLEY, Individually and as attorney-in-fact for CHRISTINA HENLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WALGREEN CO. a foreign for profit business corporation d/b/a WALGREENS STORE #03645, WALGREENS PHARMACY, INC., and JOHN DOE(S) 1-3, individual(s) and/or companies, <br><br> Defendants. | FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>JAN 2 2 2021<br><br>RICK WARREN<br>COURT CLERK<br>112_____<br><br>Case No. _____<br><br>**CJ-2021-301**<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

## PETITION

COME NOW Plaintiff Crystal Henley, individually and as attorney-in-fact for Christina Henley (hereafter "Plaintiffs"), by and through the undersigned counsel, and for their Cause of Action against Defendants, allege and state as follows:

### JURISDICTION AND VENUE

1. Plaintiff Crystal Henley (hereafter "Crystal") is a resident and citizen of Oklahoma County, Oklahoma.

2. Plaintiff Christina Henley (hereafter "Tina") is a resident and citizen of Oklahoma County, Oklahoma.

3. Defendant, Walgreen Co. d/b/a Walgreens, is a foreign corporation licensed to and doing business in the State of Oklahoma, and is alternatively known or doing business as Walgreens Pharmacy, Inc. and, specifically, as Walgreens Store #03645 (hereafter referred to as "Walgreens").

1

4. John Does 1-3 are assumed and unidentified employees or independent contractors of Walgreens, licensed by the State of Oklahoma and doing business in Oklahoma County, Oklahoma.

5. The acts complained of herein occurred in Oklahoma County, Oklahoma making venue and jurisdiction proper before this honorable Court.

6. It may be necessary to add other parties as further information becomes known.

## FACTUAL ALLEGATIONS

7. On or about January 25, 2019, Crystal was prescribed twelve (12) Hydrocodone/Acetaminophen pills ("the Medication") by Dr. Christopher Bradshaw after being examined at the emergency room of St. Anthony's Hospital.

8. On or about January 26, 2019, Crystal presented her written prescription for the Medication to Pharmacist John Doe 1 at Walgreens Store #03645 located at 101 N. Midwest City Blvd. in Midwest City, Oklahoma in order to fill the prescription.

9. On or about January 26, 2019, Pharmacists John Doe 2-3 filled Crystal's prescription for the Medication in a bottle with the name of "Christina Henley" instead of "Crystal Henley" on the label.

10. On or about January 26, 2019, John Doe 1 gave the Medication to Crystal but failed to confirm her identity matched the patient listed on the label.

11. On or about January 26, 2019, Crystal returned to her home, took one dose of the Medication, and stored the bottle in the medicine cabinet.

12. Crystal and Tina are siblings who live together and share a medicine cabinet.

13. Tina's learning disabilities limited her ability to live alone, but to not otherwise care for herself until the facts alleged in this Petition occurred.

14. Crystal has been Tina's longtime primary caretaker, has claimed Tina on her taxes as a dependent for such time, and has been her attorney-in-fact since 2015.

15. Tina suffers from anaphylaxis to paracetamol, also known as "anaphylaxis Tylenol" which is a severe allergy to acetaminophen that can cause anaphylactic shock and/or seizures.

16. On or about January 30, 2019, Tina complained of a toothache to Crystal, who suggested Tina take one of Tina's prescribed ibuprofen pills.

17. On or about January 30, 2019, unbeknownst to Tina and Crystal, Tina ingested the Medication, mistaking it for her own similarly-looking prescription ibuprofen.

18. The Medication was erroneously prescribed in Tina's name but actually prescribed to Crystal by Dr. Christopher Bradshaw.

19. Between January 30, 2019 and February 3, 2019, Tina mistakenly took several doses of the Medication containing acetaminophen to which Tina was highly allergic.

20. On Sunday, February 3, 2019, Tina suffered a Grand Mal seizure.

21. As of February 3, 2019, Tina had not suffered from a Grand Mal seizure for approximately twenty (20) years.

22. On Monday, February 4, 2019, and as the attorney-in-fact for Tina, Crystal contacted Tina's primary care physician regarding the Grand Mal seizure and was instructed to search the home for any possible known allergens.

23. On or about February 6, 2019, Crystal discovered that the Medication was in a bottle that erroneously listed "Christina Henley" as the patient on the label, instead of "Crystal Henley."

24. Walgreens has been filling prescriptions for Tina for many years and has knowledge of Tina's allergies, including the deathly allergy to acetaminophen.

25. As a result of Walgreens negligence, Tina continued to suffer Grand Mal seizures which has caused her to lose the ability to care for herself independently as she did for many years prior to Walgreen's error with the Medication.

26. Prior to the facts alleged in Plaintiffs' Petition, Tina was capable of conducting many tasks alone, such as but not limited to, walking to the store and making purchases, preparing meals for herself, taking medications as prescribed by her physicians, and otherwise caring for her basic needs. Since February 3, 2019, Tina can no longer tend to her own basic needs, has severe short term memory limitations, and exhibits behaviors that are wholly inconsistent and counter to the person and personality she exhibited prior to these events. She is no longer "Tina."

27. As a result of Tina's new limitations, Crystal must now provide additional medical services for Tina's care.

28. As a result of Tina's new limitations, Crystal must supervise Tina.

29. As a result of Tina's new limitations, Crystal must take time off work to tend to Tina's needs.

30. As a result of Tina's new limitations, Crystal must perform more household chores.

31. As a result of Tina's new limitations, Crystal has lost the comfort and companionship Tina provided.

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE

32. Plaintiffs incorporate all factual allegations made above.

33. At all times relevant hereto, Defendants owed a duty to Plaintiffs to exercise a degree of care, skill, and diligence ordinarily possessed and used by other members of the pharmaceutical profession in good standing under the same or similar circumstances.

34. Defendants failed to exercise due care under the circumstances and therefore breached the duty owed to Plaintiffs in the following non-exclusive ways:

   a. Failing to exercise reasonable care in the provision of prescription medication;

   b. Failing to exercise reasonable care in filling prescription medication;

   c. Failing to follow proper procedures in administering a controlled substance in violation of state and federal law;

   d. Representing that the medication dispensed was properly labeled and provided to the patient whom the medication was prescribed;

   e. Failing to review patient records and filling a prescription with an ingredient known to be an allergen to the patient;

   f. Filing a prescription-only, controlled medication to an individual who had not been prescribed such medication by a licensed physician.

35. Plaintiffs' injuries were a direct and proximate result of the Defendants' actions, omissions, and misrepresentations.

36. But for the Defendants negligence in filling prescription in the wrong name, Tina would not have taken the Medication and suffered serious medical events.

## COUNT TWO: RESPONDEAT SUPERIOR OF WALGREENS

37. Plaintiffs incorporate all factual allegations made above.

38. Defendants' negligent acts and omissions, as well as the negligent acts and omissions of the pharmacists and staff of Walgreens, occurred while they were engaged in the work assigned to them by Walgreens and occurred within the scope of their employment with Walgreens.

5

39. Walgreens is vicariously liable for negligent acts and omissions of its employees, Defendants John Doe 1-3 and staff of Walgreens.

40. As a direct and proximate result of the negligence of Walgreens and its actual or apparent agents or employees, Plaintiffs have suffered serious and permanent injuries and damages. Tina suffers from severe and permanent injury, mental suffering and emotional distress, pain and suffering, and pecuniary loss. Crystal suffers from emotional distress, mental suffering, and pecuniary loss.

## COUNT THREE: OKLAHOMA CONSUMER PROTECTION ACT

41. Plaintiffs incorporate all factual allegations made above.

42. Plaintiffs were involved in a consumer transaction involving the medication Defendants tendered within the meaning of 15 O.S. § 15-752; 15-753.

43. Defendants, through written representation, misled Plaintiffs and Plaintiffs detrimentally relied on the written representation that the Medication was safe for the person listed on the label.

44. Defendants are in violation of Title 15 of the Oklahoma State Statutes in the following ways:

   a. Breaching the express or implied warranty which resulted in Plaintiffs' economic damages and mental anguish;

   b. Engaging in unfair or deceptive trade practices as defined by Title 15.

45. Defendants' statements and representations constitute a producing cause of Plaintiffs' economic damages and mental anguish.

## DAMAGES

46. Plaintiffs incorporate all factual allegations made above.

6

47. As a direct and proximate result of the occurrences that form the basis of this lawsuit, Tina suffered severe and permanent injuries.

48. As a result of Defendants' negligent acts, Tina suffered needlessly with anxiety, pain, and illness resulting in damages more fully set forth below. Tina incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Oklahoma;

   b. Reasonable and necessary medical care and expenses, which in all reasonable probability, will be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Mental anguish in the past;

   e. Physical pain and suffering in the future;

   f. Mental anguish in the future;

   g. Physical impairment in the past;

   h. Physical impairment which, in all reasonable probability, will be suffered in the future;

   i. Loss of earning capacity which will, in all probability, be incurred in the future;

   j. Fear of future disease or condition;

   k. Cost of medical monitoring and prevention in the future; and

   l. Attorneys' fees.

49. As a result of Defendants' negligent acts, Crystal incurred the following damages:

   a. Reasonable medical care and expenses in the past and present and future paid for on behalf of Tina;

b. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, and services;

c. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, and services;

d. Loss of Household Services in the past and future; and

e. Attorneys' fees.

## PUNITIVE DAMAGES

50. Plaintiffs incorporate all factual allegations made above.

51. Walgreens, acting as a pharmacy that fills prescriptions for medications, knows that this is an important role that must be undertaken with extreme care and thoroughness, knowing the risk of serious harm that can foreseeably result from wrongfully filling those prescriptions. Walgreens knew or did not care that there was a substantial and unnecessary risk that the conduct complained of herein would cause serious injury to others, such as but not limited to Plaintiffs.

52. The acts and/or omissions of Walgreens which resulted in filling Crystal's prescription in the name of Tina were taken or made in reckless disregard of and for the rights of the Plaintiffs in that those actions were unreasonable under the circumstances and with the knowledge that there was a high probability that the acts complained of would cause serious harm to Plaintiffs.

53. As a direct result of and because of Walgreens' reckless disregard of Plaintiffs' rights, Plaintiffs are entitled to an award of punitive damages against Walgreens, in order to punish Walgreens and to dissuade Walgreens from engaging in such acts or omissions in the future, Plaintiffs are entitled to punitive damages in an amount to be determined by a jury.

54. As a result of Defendants' conduct, Plaintiffs, and each of them, have suffered and will continue to suffer damages in excess of $75,000.00.

WHEREFORE Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and against Defendants for all damages caused, as well as interest, costs, attorneys' fees, and all other relief this Court deems just and equitable.

Respectfully Submitted,

Rachel Bussett, OBA #19769
Kindra Dotson, OBA #22547
Felina N. Rivera, OBA #31696
Bussett Legal Group, PLLC
2201 N. Classen Blvd.
Oklahoma City, OK 73106
405-605-8073
405-212-9112 (fax)
Felina@Bussettlegal.com
***Attorneys for Plaintiffs***